**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**SOLOMAN STEVE KENNEDY, #83263**                    **PETITIONER**

**v.**                    **CIVIL ACTION NO. 3:21-cv-00231-KHJ-MTP**

**BURL CAIN**                    **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Petition of Soloman Steve Kennedy for Writ of Habeas Corpus [1] and on Respondent's Motion to Dismiss [11]. Having considered the submissions of the parties, the record, and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [11] be GRANTED and that the Petition [1] be DISMISSED without prejudice.

### PROCEDURAL HISTORY

On October 21, 2020, Petitioner was found guilty of the charge of possession of a firearm by a convicted felon in the Circuit Court of Scott County, Mississippi. ([11-1]). On November 20, 2020, Petitioner was sentenced as a habitual offender pursuant to Miss. Code Ann. § 99-18-81 to serve a term of ten (10) years in the custody of the Mississippi Department of Corrections, without the benefit of parole, suspension, or reduction of sentence. ([11-1]). Petitioner did not appeal his conviction to the Mississippi Supreme Court, nor did he seek leave to file a motion for post-conviction relief.[1]

On April 5, 2021, Plaintiff filed his Petition for Writ of Habeas Corpus [1] challenging his conviction for possession of a firearm by a convicted felon. On June 1, 2021, Respondent

---

[1] *See* Petition [1] at 2,4; https://www.courts.ms.gov (last visited June 23, 2021).

filed a Motion to Dismiss [11] arguing that Petitioner has failed to exhaust his state court remedies. Petitioner did not respond to the Motion [11] and the time for doing so has expired.

## ANALYSIS

Under 28 U.S.C. § 2254(b)(1), a state prisoner seeking habeas relief is required to first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the state remedies available in the courts of the States; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the rights of the appellant.
>
> (c) An Applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509, (1982)). The exhaustion doctrine serves the salutatory purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 f.2d 90, 92 (5th Cir. 1989) (internal quotations and citations omitted).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts…state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

process." *Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (citing *Fisher v. Texas*, 169 F.3dd 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)). Further, exhaustion requires a habeas applicant to "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Id*. (citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

When, as here, a petitioner has failed to exhaust his claims in state court, the federal habeas court has the discretion to stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust the previously unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). The Supreme Court has cautioned that a "stay and abeyance" should only be available in "limited circumstances" because granting a petitioner's motion to stay and hold it in abeyance "effectively excuses a petitioner's failure to present his claims first to the state courts." *Id*. at 275, 277. It is only appropriate where the district court finds good cause for petitioner's failure to exhaust, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 277-278. As Petitioner has not requested a stay and has not shown good cause why he failed to exhaust his state court remedies, a stay is not appropriate under the three-part test articulated in *Rhines*. *Id*. at 278. In addition, if Petitioner proceeds promptly, he still has a reasonable amount of time to exhaust his remedies prior to the expiration of the one-year statute of limitations applicable to federal habeas petitions. *See* 28 U.S.C.A. § 2244(d).

As set forth above, Petitioner did not appeal his conviction or seek leave to file a motion for post-conviction relief prior to filing his federal habeas petition. Thus, Petitioner's claims have

not been "fairly presented to the highest state court." *Mercadel*, 179 F.3d at 275. As Petitioner has failed to satisfy the exhaustion requirements of 28 U.S.C. § 2254(b)(1), his petition should be dismissed without prejudice.

## RECOMMENDATIONS

For the reasons set forth above, the undersigned recommends that Respondent's Motion to Dismiss [11] be GRANTED and the Petition [1] be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objection to proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal objected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 24th day of June, 2021.

s/ Michael T. Parker
United States Magistrate Judge